# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RYAN DAVIS,**

          **Plaintiff,**

v.                                             Case No. 25-C-499

**PATRICK MURPHY et al.,**

          **Defendants.**

## DECISION AND ORDER

Plaintiff Ryan Davis is incarcerated at Oshkosh Correctional Institution and representing himself in this 42 U.S.C. §1983 action. On May 21, 2025, the Court screened the amended complaint and allowed Davis to proceed on Eighth Amendment deliberate indifference claims against Dr. Patrick Murphy, Kelly Pelky, Robert Rhodes, and Dr. Karl Henrikson. The Court later dismissed Davis' claim against Rhodes because Davis did not exhaust the administrative remedies on that claim before he filed this lawsuit. Dkt. No. 54. On October 14, 2025, Davis wrote a letter highlighting that the Court did not discuss in the screening order whether he could proceed on state law medical negligence claims. He asks that the Court exercise supplemental jurisdiction over state law claims against *all* the individuals he sued, including those who are no longer Defendants in this case because there are no pending federal claims against them. Dkt. No. 49.

It was not clear in the amended complaint that Davis wanted the Court to exercise supplemental jurisdiction over state law claims. Although Davis asserted that Defendants acted "negligently, recklessly & carelessly," he concluded the sentence by noting that "the Constitution imposes a duty on certain Defendants . . . ," which suggested to the Court that Davis wanted to proceed on constitutional claims, not state law claims. Dkt. No. 15 at ¶87. Regardless, given

Davis' clarification, the Court will exercise supplemental jurisdiction over negligence and/or medical malpractice claims against Dr. Murphy, Pelky, and Dr. Henrikson.

The Court will not, however, exercise supplemental jurisdiction over state law claims against individuals who are no longer Defendants in this case. When a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over state law claims that "are so related to claims in the action" over which the Court has "original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Supplemental jurisdiction is not appropriate merely because the claims are "tangentially related" or share a broad factual background. *Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009). "Instead, the question is whether the proof necessary for the state claim overlaps with the proof necessary for the federal claim." *Birdo v. Mathis*, Case No. 15-cv-456, 2015 WL 3948150, at *3 (S.D. Ill. June 26, 2015) (citations omitted).

The evidence necessary to prove state law claims against individuals who are not Defendants in this case will not overlap with the evidence necessary to prove claims against Dr. Murphy, Pelky, or Dr. Henrikson. Although the claims are loosely connected—they generally involve treatment for Davis' foot and ankle injury—they do not involve overlapping questions of law and fact. The Court therefore does not have supplemental jurisdiction over those claims.

**IT IS THEREFORE ORDERED** that Davis' letter motion asking the Court to exercise supplemental jurisdiction over negligence and/or medical malpractice claims against Dr. Murphy, Pelky, and Dr. Henrikson (Dkt. No. 49) is **GRANTED**. The letter motion is **DENIED** in all other respects.

Dated at Green Bay, Wisconsin this 4th day of November, 2025.

William C. Griesbach
United States District Judge